FILED'09 JAN 14 12:35USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT WILLIAM KYGER,

           Plaintiff,          Civil No. 07-481-TC


          v.                   FINDINGS AND
                                 RECOMMENDATION

STATE OF OREGON, et al.,

           Defendants.

COFFIN, Magistrate Judge.

      Plaintiff, an inmate in the custody of the Oregon
Department of Corrections, filed a complaint under 42 U.S.C.
§ 1983 alleging that his civil rights were violated by
defendants' failure to provide him with adequate medical care
after an altercation with a fellow inmate in February, 2004.
Plaintiff also alleges that his mail was confiscated in 2004.

1 - FINDINGS AND RECOMMENDATION

Defendants now move for summary judgment (#37) on the ground that plaintiff's claims are barred by the statute of limitations.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wilson v. Garcia, 471 U.S. 261, 266 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

2 - FINDINGS AND RECOMMENDATION

<u>Mail Claim:</u>    Plaintiff alleges that on August 5, 2004, his mail was improperly "confiscated."    Defendants acknowledge that plaintiff properly exhausted his administrative remedies concerning his mail grievance. <u>See</u>, Plaintiff's Response (#52) Attachment Defendant Steven's Response to Plaintiff's First Request for Admissions, Admission #3. However, the  record concerning that process is less than crystal clear.

Defendants have submitted  two of the relevant documents concerning the grievance process. <u>See</u>, Affidavit of Katherine von Ter Stegge (#39) Exhibits 1 [plaintiff's September 1, 2004, Grievance Appeal], and Exhibit 2 [the January 21, 2005, response].

Plaintiff's exhibits indicate that he filed an "Inmate Communication" concerning his mail complaint on August 9, 2004, and received an undated response. Plaintiff's Response (#52) Exhibit 106-2.

Plaintiff filed a Grievance on August 16, 2004, Plaintiff's Exhibit 106-3, and received a response dated August 24, 2004.  Plaintiff's Exhibit 106-4.

Plaintiff filed a Grievance Appeal on September 1, 2004. Plaintiff's Exhibit 106-5, and received a response denying the appeal dated January 21, 2005.  Plaintiff's Exhibit 106-6.

3 - FINDINGS AND RECOMMENDATION

On February 2, 2005, plaintiff filed a second Grievance
Appeal alleging that the response to his first appeal was "way
to (sic) late about ONE HUNDRED AND THIRTY SEVEN DAYS."
Plaintiff also alleged that the appeal response dated January
21, 2005, was received by him on February 2, 2005.
Plaintiff's Exhibit 106-7.

In a letter "RE: Grievance 2nd Appeal" dated March 16,
2005, defendant Palmateer ["for Stan W. Czerniak"] recognized
and apologized for the "inordinate delay in the response to
[plaintiff's] grievance and grievance appeal," and affirmed
the previous decision denying the grievance.    Plaintiff's
Exhibit 106-8.

The response dated March 16, 2005, appears to be the
final action in the grievance process. Therefore, plaintiff's
claim accrued when he received that letter.

I find that plaintiff filed his complaint in this action
on or about March 26, 2007.[1]  There is nothing in the record

-----

[1]Plaintiff's original complaint is signed and dated March 26,
2007.    There is no affidavit stating when plaintiff mailed or
deposited the complaint for mailing.    The complaint was docketed
by the Clerk of the Curt on March 30, 2007. Plaintiff alleges that
he filed the complaint on March 26, 2005.  Memorandum in Support
(#52) p. 2. [Why a "copy" of the complaint submitted to the court
is dated "October 3, 2007," is not apparent or explained.]

4 - FINDINGS AND RECOMMENDATION

concerning when plaintiff received the March 16, 2005, response to his second grievance appeal. In view of the other apparent delays in responding to plaintiff's claim and the normal time associated with processing inmate letters[2], there is a question of facts whether plaintiff received the March 16, 2005, letter before March 26, 2005. If plaintiff did not receive the letter until after March 26, 2005, plaintiff's claim accrued within two years of the March 26, 2007, filing of the complaint in this case.

Plaintiff's claim regarding his mail confiscation complaint accrued upon the exhaustion of the administrative process concerning that claim - at the time plaintiff received the March 16, 2005, letter. Based on the record before the court, there is a material issue of fact as to when plaintiff received that letter.

Based on the foregoing, I find that there is a material issue of fact as to when plaintiff's mail claim accrued. Accordingly, defendants' motion for summary judgment on the ground that plaintiff's mail claim is barred by the statute of limitations should be denied.

---

[2]plaintiff alleges he received the letter dated January 21, 2005, on February 2, 2005 - or 12 days later.

<u>Medical claim:</u> As noted above, plaintiff filed this action on March 26, 2007. Therefore, only incidents that occurred within two years of that date are actionable.

Plaintiff alleges the following incidents after March 26, 2005, in support of his claim of deliberate indifference to his medical needs:

1.  "On December 21, 2005, I was transferred to Clakamas County Jail, where I was denied 'INDOCIN pain medication' for 8 days because TRCI's mecical (sic) staff and transportation officers would not allow my INDOCIN pain medication pills to come with me." Complaint (#2) p. 9.

2.  "On December 28, 2005, I was returned to TRCI, medical staff refused to return the INDOCIN pain pills previously prescribed to me for chronic ear and head pains." <u>Id</u>.

3.  "On January 7, 2007, I asked TCRI Therapeutic Level of Care Committee for a MRI (i.e. Magnetic Resonance Imaging) test to see of reconstruction surgery could fix my inner (L) ear." ... On January 10, 2007, I received a response form RN D. Williams, denying the test because I did not have money to pay for the MRI test." <u>Id</u>.

These alleged incidents occurred within the statute of

6 - FINDINGS AND RECOMMENDATION

limitations period.  The court expresses no opinion whether the allegations are sufficient to establish deliberate indifference to plaintiff's serious medical needs - just that claims arising out of these alleged incidents are not barred by the statute of limitations.

Plaintiff's other allegations of deliberate indifference to his medical needs are barred by the two year statute of limitations. Defendants' motion for summary judgment should be allowed as to plaintiff's claims based on allegations of facts allegedly occurring before March 26, 2005.

Defendants also argue that plaintiff has failed to specifically identify the individuals that allegedly denied him his prescribed pain medication in December, 2005.  This alleged pleading defect could arguably be cured by amendment. Likewise defendants' argument that Nurse D. Williams is not a defendant in this action is not persuasive.  Plaintiff's claim is not construed as against Nurse Williams personally.

Conclusion:    Defendants' Motion for Summary Judgment (#37) should be allowed in part and denied in part as follows: Defendants' motion for summary judgment as to plaintiff's mail claim should be denied; defendants' motion for summary judgment as to plaintiff denial of medical care claim should

7 - FINDINGS AND RECOMMENDATION

be allowed as to any conduct alleged to have occurred prior to March 26, 2005, on the ground that any claims arising from such conduct are barred by the statute of limitations. Defendant's motion should be denied as to plaintiff's claims arising from conduct alleged to have occurred after March 26, 2005, ie. the allegations set forth above.

The recommendation set forth above is based on defendants' statute of limitations argument. To the extent defendants' motion for summary judgment is denied, it should be denied without prejudice to file a second motion for summary judgment on the merits of plaintiff's claims.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right

8 - FINDINGS AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this ___ day of January, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION